IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| RYAN SCOTT JAMES PRICE, | ) | Cause No. CV 09-154-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA; | ) | |
| MONTANA FOURTH JUDICIAL | ) | |
| DISTRICT COURT, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On October 19, 2009, Petitioner Ryan Price filed a document titled "Application for Forms and Notice of Appeal." Because the document stated facts that could support claims under 28 U.S.C. § 2254, it was filed as a habeas petition. On October 28, 2009, Price filed an Amended Petition, using the Court's standard form. On December 4, 2009, he was ordered to show cause why the first two claims in his petition should not be dismissed with prejudice as procedurally defaulted. He responded on January 5, 2010.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

The document Price originally filed does not contain any claims that are not included in the Amended Petition. The Amended Petition is the controlling pleading.

## I. Background

In 2001, Price pled guilty and was sentenced in Montana's Fourth Judicial District Court, Missoula County, for interfering with his ex-wife's custody of their child. State v. Price, 57 P.3d 42, 46 ¶¶ 3-6 (Mont. 2002). He failed to comply with the conditions of his deferred sentence and was re-sentenced to a ten-year prison term, with five years suspended. He filed a motion to withdraw his guilty plea, but the motion was denied and the Montana Supreme Court affirmed. State v. Price, No. 04-343 (Mont. Mar. 29, 2005) (unpublished disp.).

In early 2005, Price wrote two letters indicating violent impulses against the judge who presided over his custody dispute and the deputy county attorney who prosecuted him. On March 23, 2006, while he was in the Intensive Supervision Program, he was arrested for assault based on an incident at Montana State University in Bozeman. The assault charge was dismissed, but the State filed a petition to revoke his probation. Price was transported back to Missoula County and underwent a psychological evaluation. After a hearing, the trial court – not the same judge concerned in Price's letter – determined that Price was not suffering from a mental disease or defect. His probation was revoked and he was re-sentenced to serve five

years in prison.

Price appealed. He argued that the trial court erred in its assessment of his mental status and failed to consider alternatives to incarceration. On September 12, 2008, the Montana Supreme Court affirmed. State v. Price, 193 P.3d 921, 921 ¶ 1 (Mont. 2008).

Price filed his petition for writ of habeas corpus in this Court on October 19, 2009.

## II. Price's Allegations

In his Amended Petition, Price contends, first, that his probation could not be revoked on the basis of the assault at MSU because the assault charge was dismissed. Am. Pet. (doc. 4) at 3 ¶ 15A.

Second, Price claims the judge and the prosecutor had a conflict of interest because he filed complaints against them with the Judicial Standards Commission. He also asserts that his counsel was ineffective because she failed to challenge or appeal the revocation on this basis. Id. at 4 ¶ 15B.

Third, Price alleges that the trial court and the Montana Supreme Court erred in concluding that he does not suffer from a mental disease or defect. Id. at 5 ¶ 15C.

Fourth, Price argues that the trial court and the Montana Supreme Court erred in failing to consider alternatives to incarceration. Id. at 6 ¶ 15D.

## III. Analysis

### A. Claims 1 and 2

Price did not raise the first two claims advanced in his federal petition when he appealed the revocation of his probation to the Montana Supreme Court. Am. Pet. Exs. 1, 2 (docs. 4-1, 4-2). He can no longer do so. Mont. Code Ann. § 46-21-105(2) (2007). Because he did not give the state courts an opportunity to consider these claims as he was required to do, 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982), he may proceed on those claims in federal court only if he shows either (1) cause for his procedural default in state court and resulting prejudice, or (2) that a fundamental miscarriage of justice will occur if the federal court does not consider his claims. Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Smith v. Baldwin, 510 F.3d 1127, 1138 (9th Cir. 2007) (en banc). He was given an opportunity to do so. Order to Show Cause (doc. 7) at 11 ¶ 1.

In response, Price states, "[s]urely Price can not intuit intelligently the State's procedural rule if he is severely mentally ill twice-over but . . . also not under the balm of either counsel by a mental health professional but also stabilized by regular access to psychotropics." Resp. to Order (doc. 10) at 2, 4.[1] While some professionals

---

[1] Pages 3 and 5 of Price's response consist of notes not relevant to this case.

have opined that Price has mental health issues, the state courts found that he does not suffer from a mental disease or defect. Price, 193 P.3d at 924 ¶ 19. His pro se submissions to date, in all of the ten cases he has filed in this Court in the past five years, show that he is quite able to articulate claims himself. There is no reason to believe that he suffers from a mental disease or defect so severe that he is unable to understand how to file a petition for postconviction relief. Mont. Code Ann. §§ 46-21-101 to -105. His case is no different than that of an illiterate prisoner. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Price does not attempt to meet the actual innocence exception.

Claims 1 and 2 should be dismissed with prejudice as procedurally defaulted.

**B. Claims 3 and 4**

Federal habeas relief is available only to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In his appeal to the Montana Supreme Court, Price acknowledged that state law "governing consideration of mental disease or defect in sentencing . . . [does] not apply in revocation proceedings." Price 193 P.3d at 924 ¶ 15 (citing State v. Boulton, 140 P.3d 482, 486-87 ¶ 17 (Mont. 2006)). The court may consider "the impact of a defendant's mental condition" on the question of whether continued supervision or incarceration is the appropriate sentence. Boulton, 140 P.3d at 486-87 ¶ 17.

Thus, the only *federal* right relevant to Price's third and fourth claims is whether "some evidence" supported the trial court's decision to revoke his probation and send him to jail. If "there is any evidence in the record that could support the conclusion reached" by the fact-finder, then the evidence was sufficient. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); see also Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973); Morrissey v. Brewer, 408 U.S. 471, 489 (1972); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); Powell v. Gomez, 33 F.3d 39 (9th Cir. 1994); Mont. Code Ann. § 46-18-203 (2007).

Clearly, there was evidence supporting the trial court's decision to send Price to prison. Price was twice released from detention on conditions. In five separate incidents, all committed within a few months of his release, he violated those conditions. Twice, he made violent threats against public officials. Three times, his conduct constituted assault or battery of persons who were virtually strangers to him. See Price, 193 P.3d at 922-23 ¶¶ 4-10. At the time Price committed the last of his assaultive acts, on the MSU campus, he was in the Intensive Supervision Program. Even if he subjectively intends no bodily harm to anyone, his behavior indicates otherwise to the people around him.

The Montana Supreme Court held that "the District Court necessarily considered alternatives to incarceration by concluding that Price posed a risk to any

community wherein he resides." Id. at 925 ¶ 24 (internal quotation marks omitted). Price remains eligible for parole or placement in a pre-release center, Mont. Code Ann. §§ 46-23-201(3), 53-1-203(1)(c)(i) (2007). The Montana Supreme Court's finding is not unreasonable in light of the evidence, 28 U.S.C. § 2254(d)(2), and certainly does not meet the other criteria of § 2254(d).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases.

### A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Price "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, the district court dismisses a claim on procedural grounds, the

court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

### B. Discussion

None of Price's four claims makes a substantial showing that he was deprived of a federal constitutional right. As to Claims 3 and 4, under state law, his mental status was not relevant to the question of whether he violated the conditions of his release, only to the question of whether prison or continued supervision was the appropriate course of action. The trial court's decision to incarcerate him was based on five separate occasions of frightening or intimidating conduct, all committed within a few months of his release on conditions. He remains eligible for placement in a pre-release center. There is no realistic possibility that he could prevail under the stringent standards of 28 U.S.C. § 2254 or under the reduced due process requirements of Hill and Gagnon.

Price never raised Claims 1 and 2 in the Montana Supreme Court. They are plainly defaulted. Though Price claims to be mentally ill and may indeed have some mental health issues, the ten actions he has filed in this Court in the past five years amply demonstrate that he is capable of filing court documents and articulating

claims. There is no reason to believe that his mental health issues prevented him from filing a petition for postconviction relief. He offers no cause whatever for his failure to raise portions of Claims 1 and 2 on direct appeal. He does not attempt to meet the actual innocence exception. Finally, though the merits of Claims 1 and 2 have not been considered, they would likely fail for the same reasons as Claims 3 and 4.

There is no reason to encourage further proceedings. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Claims 1 and 2 of the Amended Petition (doc. 4) should be DISMISSED WITH PREJUDICE as procedurally barred and Claims 3 and 4 should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days

of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Price must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>22nd</u> day of February, 2010.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge