

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| RYAN SCOTT JAMES PRICE, | ) | CV 09-154-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA; | ) | |
| MONTANA FOURTH JUDICIAL | ) | |
| DISTRICT COURT, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Price filed a habeas petition on October 19, 2009. On October 28, 2009, Price filed an Amended Petition. The document Price originally filed does not contain any claims that are not included in the Amended Petition. In his Amended Petition, Price makes four claims: 1) that his probation could not be revoked on the basis of the assault at MSU because the assault charge was

1

dismissed; 2) the judge and the prosecutor had a conflict of interest because he filed complaints against them with the Judicial Standards Commission, and that his counsel was ineffective for failing to challenge or appeal the revocation on this basis; 3) the trial court and the Montana Supreme Court erred in concluding that he does not suffer from a mental disease or defect; and 4) the trial court and the Montana Supreme Court erred in failing to consider alternatives to incarceration.

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on February 22, 2010. Neither party objected and therefore they are not entitled to de novo review of the record. 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch found none of Price's four claims makes a substantial showing the he was deprived of a federal constitutional right. He found that claims 1 and 2 should be dismissed with prejudice as procedurally defaulted. As to claims 3 and 4, Judge Lynch found the only *federal* right relevant is whether "some evidence"

supported the trial court's decision to revoke his probation and send him to jail. Judge Lynch found there was evidence supporting the trial court's decision to send Price to prison and the Montana Supreme Court properly held that "the District Court necessarily considered alternatives to incarceration by concluding that Price posed a risk to any community wherein he resides." He found the Montana Supreme Court's finding is not unreasonable in light of the evidence, 28 U.S.C. § 2254(d)(2), and certainly does not meet the criteria of § 2254(d).

Based on these findings, Judge Lynch recommended Claims 1 and 2 of the Amended Petition (dkt #4) should be DISMISSED WITH PREJUDICE as procedurally barred and Claims 3 and 4 should be DENIED on the merits. Upon review, I find no clear error in Judge Lynch's Findings and Recommendation.

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #11) are adopted in full.

IT IS FURTHER ORDERED that Claims 1 and 2 of the Amended Petition (dkt. 4) are DISMISSED WITH PREJUDICE. Claims 3 and 4 of the Amended Petition are DENIED on the merits.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

DATED this 17th day of March, 2010.

_____
Donald W. Molloy, District Judge
United States District Court